*847 RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the trial court’s Order seizing and retaining Robert Reding-ton’s (Redington) firearms and suspending his firearms license. Ind.Code § 35-47-14-6(b) permits the trial court to order firearms forfeiture and license suspension only if the State “has proved by clear and convincing evidence that the individual is dangerous.” “Dangerous” is defined by I.C. § 35-47-14-1, which provides two alternative tests to determine whether an individual is dangerous. The first test is based on an individual’s risk of imminent harm to himself or others; the second, on the individual’s risk of future harm to himself or others. In my view, a reasonable trier of fact could not find that Redington was dangerous under I.C. § 35-47-14-1.
Pursuant to I.C. § 35 — 47—14—1(a)(1), an individual is dangerous if he “presents an imminent risk of personal injury” to himself or another. Dr. Carey C. Mayer (Dr. Mayer), the licensed psychiatrist who examined Redington following his involuntary commitment to Indiana University Hospital, testified as follows:
[DR. MAYER]: [...]. At the time that somebody is discharged from the hospital our duty at that point is to ascertain if they are in imminent danger upon themselves or others.
[•••]
[DR. MAYER]: We felt that [Reding-ton] was not in imminent danger. If we thought that he was[,] we would have kept him longer in the hospital until just [the] time that he [was] no longer [ ] [an] imminent danger.
(Transcript p. 124).
The State argues that the trial court was not obligated to agree with that opinion given the other evidence regarding Red-ington’s mental health. However, testimony from other witnesses, including police officers, a nurse at Indiana University Hospital, and Redington, establishes only that Redington suffers from mental health issues and is a gun buff. Their testimony does not contradict Dr. Mayer’s opinion nor establishes that Redington posed an imminent risk of harm to himself or others. The State argues that even if Red-ington did not pose an imminent risk at the time of his mental examination, the trial court was not obliged to believe that he would not pose a risk of imminent harm at the time of the forfeiture hearing. To that end, the State asks that an inference be drawn from Redington’s poor judgment in purchasing firearms following the incident and Dr. Mayer’s opinion that Reding-ton’s mental illness has the potential to manifest so as to present an imminent risk of harm. I do not find this a reasonable inference. No showing was made that linked the purchase of additional firearms to a conclusion that Redington presented an imminent risk of harm to himself or others.
Under the second test, an individual who “may present a risk of personal injury” to himself or others in the future may also support a finding that the person is dangerous. See I.C. § 35-47-14-l(a)(2). This second test is stated in the disjunctive and therefore a person is dangerous if he:
(A) has a mental illness (as defined in [I.C. § ] 12-7-2-130) that may be controlled by medication, and has not demonstrated a pattern of voluntarily and consistently taking the individual’s medication while not under supervision; or,
(B) is the subject of documented evidence that would give rise to a reasonable belief that the individual has a propensity for violent or emotionally unstable conduct.
I.C. § 35^7-14-1 (a)(2)(A & B).
The State did not produce evidence that would support a finding under I.C. § 35- *848 47-14-l(a)(2)(A). Ind.Code § 12-7-2-130 defines “mental illness” as one that “substantially disturbs feelings, thinking, and behavior, and impairs the ability to function.” Although Dr. Mayer testified that Redington has a mental illness, he stated that Redington did not have the “kind of a mental illness” to which I.C. § 12-7-2-130 applies. (Tr. p. 131). Even assuming that Redington had a mental illness under I.C. § 12-7-2-130, additional evidence is required to show that the mental illness “may be controlled by medication” and Redington has not demonstrated a pattern of voluntary and consistent use of the medication while unsupervised. Here, the only evidence regarding such pattern was offered by Redington, who provided receipts for the medication prescribed by Dr. Mayer and testified that he consistently has taken the medication.
The remaining test requires documented evidence giving “rise to a reasonable belief’ that Redington has a propensity for violent or emotionally unstable conduct. I.C. § 35-47-14-l(a)(2)(B). However, the State’s evidence, though demonstrating that Redington has a mental illness and possesses numerous firearms, does not give rise to a reasonable belief that he has a propensity for violent or emotionally unstable conduct. It is undisputed that Red-ington broke no law, committed no violent act, responded peacefully when confronted by police officers, and did not threaten to harm himself or anyone else. His comments to the police, though alarming, erratic, and delusional, do not evince violence or emotional instability. Moreover, Red-ington has never been arrested, has no criminal history, and has been married for 12 years. He is employed as a machinist for a company where he has worked for approximately 35 years. These facts do not show emotional instability.
In light of the statutory requirements and without probative evidence or reasonable inferences satisfying the same, I cannot conclude that the trial court properly found Redington dangerous under I.C. § 35-47-14-1. Under these circumstances, I find the concerns of the California Court of Appeals noteworthy:
Absent assessment and evaluation by trained mental health professionals, the seizure and loss of weapons would depend solely on the necessarily subjective conclusion of law enforcement officers who may or may not have the mental health training and experience otherwise available at a designated mental health facility.
City of San Diego v. Kevin B., 118 Cal.App.4th 933, 13 Cal.Rptr.3d 450, 455 (2004). Here, the mental health professional who assessed Redington provided testimony establishing that Redington was not dangerous under I.C. § 35-47-14-1 and the State provided no further probative evidence establishing otherwise. I would therefore reverse the trial court.